## Zuver v. Lyons et al.

1. **Mortgage:** DEED: EVIDENCE. To justify the construction that a deed was intended to operate as a mortgage, the evidence should be clear, satisfactory and conclusive.

2. **Conveyance:** TRUST DEED: CONTINGENT REMAINDER. Where real estate was conveyed to one in trust for another during the natural life of the latter, and, after her decease, the title in fee simple was to vest in her heirs "to have and hold the said premises unto them and their heirs and assigns forever," it was *held*, that the deed created a trust estate during the life of the *cestui que trust*, with contingent remainder to the heirs.

3. ——: ——: RESULTING TRUST. Where one holding the equitable title to real estate procures its conveyance to another, to be by her deeded to a third person, either in payment of a debt of the equitable owner or as security therefor, the grantee holds the estate in trust for the owner of the equitable title and his creditor, and after payment of the latter there is a resulting trust to the former.

4. ——: TRUSTEE: NOTICE. A purchaser from such trustee, with notice of the equities of the equitable owner, will not be protected against the same, and if in possession of the property, will be required to restore it.

5. ——: ——: ——. The notice in such case will be deemed sufficient if of a character to put a prudent man upon inquiry.

6. **Deed:** WHEN NOT A MORTGAGE: SECURITY. Z., owing L. the purchase price of land, procured that K. should pay L. the amount of his indebtness, and, thus acquiring L.'s right, should convey to the wife of Z: *Held*, that L.'s interest and that of his grantee was not simply a mortgage, from which Z. had the right of redemption.

7. **Practice in the Supreme Court:** REHEARING. The discovery of additional evidence after appeal is taken is not ground for granting a rehearing.

*Appeal from Cerro Gordo District Court.*

FRIDAY, JUNE 11.

ACTION in chancery. The petition alleges that, in 1859, plaintiff was in possession of the N. ½, Sec. 15, Tp. 96, N. R. 20, upon which he had made valuable improvements, having four years before purchased it under a contract with one Long. The title was retained by Long as a security for the payment of the purchase money, and a bond was executed by him for the conveyance of the land upon payment therefor. The land was conveyed by Long, and Taylor acquired the title thereto with plaintiff's consent, holding it, however, as Long had held it, to secure the payment of a part of the original purchase money, which plaintiff borrowed of him by this means, to pay Long. Under a contract with his wife, Urilla, she paid the amount due to Taylor with money received from her father as an advancement. The east half of this land was conveyed to her to be conveyed to one Kerns as security for plaintiff's indebtedness to him, and the W. ½ was conveyed to her father who, in a reasonable time, was to convey it to her, to be held as security for the payment of the money so advanced by her. But contrary to this agreement, her father conveyed the land last mentioned to her brother, C. R. Keeney, in trust for the use of Urilla and her heirs. The defendant Lyons, with intent to defraud plaintiff, and having full knowledege of plaintiff's rights, obtained from Urilla a quit claim deed of all the lands, and took possession thereof. At the time of this conveyance, Urilla had been divorced from plaintiff. Plaintiff admits that there is a sum due from him to Urilla, on account of the money borrowed by him as aforesaid, which he brings into court. The petition asks for special and general relief.

Defendant Lyon denies, in his answer, the allegation of the petition, except as to conveyances of record, and avers that he took peaceable possession of the land under his purchase, and has expended a large sum in improvements made thereon. By a cross-petition against his co-defendants, and amendments

thereto, it is shown that since the commencement of this action Urilla has departed this life, and her only surviving heirs are Simon Keeney, her father, and Henry Hay, with whom she intermarried after her divorce from plaintiff. It is also averred that Urilla purchased said lands, and that the deed was made to her father Simon Keeney by Taylor, under an agreement that he would, in a reasonable time, convey the property to her, but, in violation of such agreement, and to defraud Urilla and her grantees, he fraudulently executed the deed to her brother, C. R. Keeney, in trust for her and her heirs.

The other defendants deny the allegations of defendant's cross bill, and the material matters of the petition, except so far as shown by the deeds and papers, made exhibits thereto.

A trial upon the merits resulted in a decree declaring that the title to the E. ½ of the tract, together with ten acres of timber land described in the petition, is vested absolutely in plaintiff, and that he has the right of redemption of the other half, and upon the payment of the amount advanced by Urilla, with interest, which is found to be $1570, within a time fixed, the absolute title of that part also shall be vested in him. The defendant Lyons appeals.

*Edmonds & Younkin, Goodykoontz & Wilber, Card & Miller,* and *Adams & Robinson,* for appellant.

*Stanbery & Stanbery,* and *Hartshorn & Flint,* for appellee.

BECK, J.—Different questions of law and of fact are involved in plaintiff's claim to the separate moieties of the land. We will first consider those pertaining to the west half.

I. We think the evidence insufficient to overthrow the legal title vested in S. C. Keeney as trustee for Urilla and her
1. MORTGAGE: heirs, by the deeds executed by Taylor and Simon
deed: evi-
dence. Keeney, and to authorize us to hold that it was intended to operate as a mortgage. The evidence, to warrant such a conclusion, should be clear, satisfactory and conclusive. It not only falls short of this requirement, but the preponder-

ance is the other way. Plaintiff supports his claim by his own evidence; he is corroborated to some extent by one or two witnesses. On the other hand the brother of Urilla, who acted as the agent of the father in advancing the money to his daughter, testifies that the deed to the wife was not intended as a security. He is strongly corroborated by his sister's testimony, and circumstances disclosed by the evidence.

This conclusion as to the facts disposes of plaintiff's claim to the west half of the land.

II. The rights of the defendants to the west half of the tract, as they are brought in issue by the cross-bill, are next to be considered.

Taylor conveyed that part of the land to the father of Urilla. On the day of the execution of the deed, C. R. Keeney, who was the agent of the father, executed to her a bond conditioned that her father should within a reasonable time convey the land to her and "her heirs at law." Within a few months the father conveyed the land to C. R. Keeney. The deed declares that the estate conveyed is "in trust for the use and benefit of Urilla Zuver, wife of Solomon Zuver, during her natural life, and upon her decease the said premises are to inure and vest in her heirs in fee simple forever; they, the said heirs of said Urilla, to have and hold the said premises unto them and their heirs and assigns forever."

*2. CONVEYANCE: trust deed: contingent remainder.*

By the terms of this deed, a trust estate in the lands for the life of Urilla is first created. Upon her death the legal, fee simple estate vested in her heirs. This is the unmistakable effect of the limitation in the deed. The rule in Shelley's case therefore does not apply, for if the estate limited to the ancestor be a trust estate, and the subsequent limitation to his heirs carries the legal estate, the two will not unite in an estate of inheritance in the ancestor, but the limitation to the heirs will create a contingent remainder. 4 Kent, 210–211; Perry on Trusts, 327.

C. R. Keeney, by the terms of the deed, took a trust estate for the life of Urilla. At her death the remainder vested in her heirs. It follows that the deed executed by her to Lyons

did not defeat the limitation reserving the remainder, and that the heirs' interest in the land is not affected thereby. This view renders the consideration of other legal questions arising upon this branch of the case unnecessary, and defeats defendant Lyons' claim of title to the lands under his deed from Urilla.

III. We think the evidence does not sustain the allegations of the petition to the effect that the deed of trust to C. R. Keeney was made in fraud of plaintiff's rights, and contrary to the terms of the agreement to which he was a party, under which the money was advanced by Simon Keeney. The preponderance of the direct evidence is to the effect that this deed is in accord with the intention of the parties; circumstances corroborate this evidence.

IV. We come now to the consideration of the questions involving the title to the east half of the land. This part of the land was conveyed to Urilla by Taylor, who, it appears from the evidence, held the land as is alleged in the petition, to secure an indebtedness from plaintiff. It is quite satisfactorily established that plaintiff held the right to redeem from Taylor—the equitable title to the land, and that with his consent it was conveyed to Urilla to be by her deeded to one Kerns, either as security for, or in payment of a debt owed to him by plaintlff. Under this arrangement Urilla held the land in trust to be used in securing or discharging Kerns' claim on plaintiff. There can be, to our minds, no doubt that this trust was to be discharged for the benefit of plaintiff, the payment of his debt, as well as for the benefit of Kerns; neither can plaintiff's interest and equitable title in and to the lands be questioned. Where the trust fails, as in the case of the *cestui que trust* refusing to accept under it, or where a part of the trust fund or estate remains after discharging the trust, the fund or estate remaining will result to the grantor. 2 Story's Eq., (11 Ed.,) § 1196, 1196a and notes. It does not appear clearly whether Kerns has or has not been paid. But it may be considered, for the purpose of this inquiry, that he has not been. Neither does the evidence disclose within what time this trust was to have been performed by Urilla or accepted by Kerns. That she

3 ——:——:
resulting
trust.

made no effort to discharge it is quite certain. If Kerns holds no interest as a *cestui que trust*, by reason of his refusal to accept, or for any other reason, then there is a resulting trust to plaintiff. And if he has such interest, a contingent trust results to plaintiff for the unexhausted residuum, if any there may be. It clearly appears, therefore, Urilla held the land at the time of the deed to Lyons as a trustee for Kerns and plaintiff.

V. If Lyons purchased the land with notice of plaintiff's equities, they are not defeated by the deed to him made by Urilla, but he will hold the land liable to the trust and will be required to restore the estate for the purpose thereof. 2 Story's Eq., § 994.

4. ——: ——: trustee: notice.

VI. The evidence is quite clear to the effect that Lyons did have notice of plaintiff's claim to the land—certainly he had notice that plaintiff set up a claim to the premises, though it may be he was not informed of its precise extent and nature. This notice, in our opinion, was sufficient to put him upon inquiry, and, if he neglected the warnings which were of a character that would have led a man of ordinary prudence to investigations concerning plaintiff's rights, he must suffer the consequences.

5. ——: ——: ——.

We conclude that Lyons holds the E. ½ of the land subject to the equities of plaintiff and Kerns.

VII. All that we find in the abstract before us in regard to the ten-acre tract of land is contained in the petition, decree and deed to Lyons. It is alleged that defendant purchased this land and received a conveyance therefor. The allegations of the petition are denied, and we find no proof that sustains them; in fact, the land is not mentioned or referred to in the evidence. Plaintiff is entitled to no relief, so far as the ten-acre tract of land is concerned.

VIII. Plaintiff's petition as to the W. ½ of the N. ½ of section 15, T. 96, R. 20, and the ten-acre tract, will be dismissed, but without prejudice as to the last tract named. A decree will be entered here declaring that the deed by Urilla to Lyons shall not be deemed to defeat plaintiff's equities; that the title be held by him in trust for Kerns and plaintiff;

that if it be determined Kerns' equities have been discharged, the land or any residuum thereof, or of funds arising therefrom, after the discharge of Kerns' claim, shall inure to plaintiff.

Or, at plaintiff's option, this cause will be remanded to the District Court for the settlement of the equities of plaintiff and Kerns, and thereupon a proper decree be entered in that court. The costs will be taxed against Lyons.

MODIFIED AND AFFIRMED.

ON REHEARING.

BECK, J.—A petition for rehearing having been filed by the counsel for Lyons, we have deemed it proper to add a few words in support of the foregoing opinion, and in reply to points made by counsel in the application for another argument.

I. It is insisted that as Long, and then Taylor, held the land in security for the payment of the purchase money by 6 DEED: when Zuver, their interest was nothing greater than that not a mort- gage. of mortgagees, and the title acquired by Simon Keeney and Urilla Zuver, under them, must have been no greater or different; that is, they acquired simply a mortgage upon the land for the money advanced by Keeney. Taylor held the title of the land in security for the money due him. He was paid by Keeney, and at the request of Zuver conveyed the land to Keeney. Now it is very plain that, whether Keeney holds the land as a mortgagee, does not depend on the manner it was held by Taylor, viz: as a security, but upon the agreement made between Zuver and Keeney. If Taylor, upon receiving payment, was directed by Zuver to convey to Keeney as a purchaser from Zuver, Keeney would not hold the land as mortgagee, but absolutely. If A. holds lands as a security, conveyed to him by an absolute deed executed by B., the latter may bargain the lands to C., pay A. his debt, and require him to convey the land to C. Can it be said that C. would hold as a mortgagee? If C. under an arrangement with B., in a full payment for the land, discharges A's claim on B., and thereupon receives a deed from A., the case would not be differ-

ent. The transaction would be simply this: The purchaser of the land from the mortgagor, (the absolute deed being converted into a mortgage by a parol defeasance,) pays the debt of the mortgagee, and from him receives a title absolute and indefeasible. This is the precise case before us. Simon Keeney paid Zuver's indebtedness to Taylor, who conveyed the lands under Zuver's direction to Urilla and her father. Now the preponderance of the proof satisfies us that Zuver did agree that the land should be conveyed absolutely, one-half to Urilla in trust for Kerns, and the other moiety to Simon Keeney, in trust for Urilla, and that there was no agreement to the effect that it should be held as security for the payment of the money advanced to Taylor. Champion Keeney, agent for Simon Keeney, testifies he informed Zuver that the contract with Urilla, who Zuver himself testifies was authorized by him to obtain the money from her father, was to the effect that Simon Keeney was the purchaser of the land for Urilla's benefit, and that Zuver was satisfied therewith; his knowledge of the arrangement, and that Simon advanced the money relying thereon, and his failure to repudiate it, estops him to deny that he is bound by the transaction. There are other facts strongly supporting the conclusion of the opinion which need not be stated. We are well satisfied that the evidence is not sufficient to establish that the deed to Simon Keeney in trust for Urilla, was intended merely as security for the money advanced to pay Taylor. While Zuver so testifies, the weight of the evidence is against him.

II. It is insisted that the evidence is not sufficient to establish that Lyon had notice of the equities of Zuver. We are satisfied that the proof supports the conclusion upon this point announced in the foregoing opinion. That the facts within his knowledge were such as would put a prudent man upon inquiry, cannot be doubted. In the exercise of ordinary prudence and diligence, he would have ascertained the extent and nature of Zuver's claim. He must be charged with notice of the facts he was thus invited to learn, and could have learned.

III. The foregoing opinion mistakenly states that the deed

of Urilla to Lyon was executed after she was divorced from plaintiff. The correction of this error adds strength to our conclusion. Lyon, being advised that Urilla was a married woman, and that her husband claimed title to the land in his own right, would have the strongest inducements to inquire into the extent of his claim, and the nature of his right.

IV. The petition for rehearing is partly based upon the fact that, since the hearing below, additional evidence in petitioner's behalf has been discovered. This is no ground for a rehearing, as the evidence could not be used it this court. If timely applications can be made to the court below, matters of this kind may be heard as grounds for ordering a new trial.

7. PRACTICE in the Supreme Court : rehearing.

The conclusions of the foregoing opinion are adhered to, and the petition for rehearing is overruled.