JONES v. HETHERINGTON ET AL.

1. **Fraud:** VENDOR AND VENDEE: INTENT OF VENDOR. To defeat a sale it is not necessary to establish a fraudulent intent on the part of the purchaser, but it will be sufficient if it be shown that he knew of the fraud-ulent intent of the seller, or had notice of such facts as would have put a man of ordinary prudence upon an inquiry which would have led to a knowledge of the fraudulent purpose of the seller.

2. ——: ——: POSSESSION. A purchaser in good faith, who has paid a part of the purchase money, is entitled to the possession of the goods, notwithstanding he may subsequently discover that the vendor sold them with intent to defraud his creditors.

*Appeal from Mahaska District Court.*

FRIDAY, APRIL 20.

ONE A. H. Leake being the owner of a stock of merchan-dise, sold the same to J. C. Jones, the plaintiff herein. At

the time of the sale Leake was indebted to the defendants in .considerable sums of money. After the sale the defendants commenced suits in attachment against Leake and levied on the stock of merchandise. Plaintiff brought this action in replevin, claiming to be the owner under his purchase. The defendants claim that the sale was void, because it was made to hinder, delay and defraud the creditors of Leake. There was a trial by jury, verdict and judgment for the plaintiff, and defendants appeal.

*Jno. F. Lacey* and *Hole & Hillis*, for appellants.

*Bolton & McCoy*, for appellee.

ROTHROCK, J.—Upon the question as to the fraudulent character of the sale the court instructed the jury as follows:

. "3. To successfully maintain the claim made that the alleged purchase by plaintiff was fraudulent as to the credi-

1. FRAUD: vendor and vendee: intent of vendor.

tors of Leake, the alleged owner of the goods, the defendant must satisfy you: *First*, that Leake made the alleged sale with the intent to hinder and delay, or cheat and defraud his creditors. *Second*, that the plaintiff knew of such intent or had such knowledge as would have put a man of ordinary care and prudence upon his inquiry, which would have led to such knowledge of such intent, *and that he participated in such intent, and took the goods for and with that purpose in view    *    *    * ."

This instruction requires that, in order to justify a finding that the sale was fraudulent, it must not only be shown that plaintiff knew of Leake's fraudulent intent, or had such knowledge as would have put a man of ordinary prudence upon inquiry, but that he participated in such intent; that is, that he also intended by his purchase to hinder, delay and defraud Leake's creditors.

A fraudulent intent upon the part of the purchaser is not necessary to be established to defeat the sale. It is sufficient if it be shown that he knew of the fraudulent intent of the seller, or had notice of such facts as would have put a man of ordinary prudence upon inquiry, which inquiry, made with ordi-

nary diligence, would have led to a knowledge of the fraudulent purpose or intent of the seller. Kerr on Fraud and Mistake, 316, 317 ; *Zuver v. Lyons et al.*, 40 Iowa, 510.

We find nothing in the instructions to cure the error in that above set forth. It is true that there are some expressions which may be construed as meaning that actual participation in the fraudulent intent upon the part of the purchaser is not necessary, but the most that can be claimed for them is that they are impliedly contradictory of that now under consideration.

. II. The consideration given by plaintiff for the stock of merchandise was $150 cash, and a tract of land situated in

2. ___: ___; the State of Michigan, which was conveyed to the.
possession. wife of said Leake. The cash payment was made about the time that plaintiff took possession of the goods. The deed for the land was not delivered until after the commencement of this suit.

It is insisted by counsel for appellants that the delivery of the deed, after the commencement of this suit, was in fraud of the rights of Leake's creditors, and that at most Jones can only claim a lien on the goods to the extent of the $150 which he paid before notice, and that his title instead of being absolute is limited.

Whether under such a state of facts the defendants should have garnished Jones before the delivery of the deed, or whether Jones can now be deprived of the benefit of his purchase, conceding that he had no notice of the alleged fraud until after title passed to him by taking possession and payment of part of the purchase money, we do not now determine, because no such question seems to have been presented in the court below. The instructions asked by defendants upon this feature of the case, which were refused by the court, are to the effect that if Jones or his agents had notice of the fraudulent design of Leake after taking possession of the property and payment of part of the purchase money, and before the delivery of the deed, this would preclude a recovery of the property by Jones in this action. If we were to adopt the appellant's theory as to the rights of the parties under this

state of the case, Jones would have a right to recover the property and the extent of his interest would be $150. There was, therefore, no error in refusing the instructions asked by defendants upon this branch of the case. There are other errors assigned and argued. They are exceptions to instructions given to the jury, and to the refusal to give other instructions asked by defendants. We do not believe these exceptions to be well taken.

For the error first. above discussed the judgment will be reversed and the cause remanded for a new trial.

REVERSED.