WILLIAMSON ET AL. v. WACHENHEIM ET AL.

1. **Original Notice**: SERVICE BY PUBLICATION: RETRIAL. Where the service of the original notice is by publication only, parties legally representing the defendant may have a retrial of the cause, upon application made therefor within two years after judgment. Code, § 2877. In this case, where the title to real estate was involved, the widow and children of the defendant were entitled to such retrial.

*Appeal from Warren District Court.*

THURSDAY, DECEMBER 6.

ACTION in equity to set aside a conveyance of real estate by the defendant, Wachenheim, to one Mattes, on the ground that it was made to hinder and delay creditors. The relief asked by the plaintiffs was granted, and the defendants appeal.

*J. R. Barcroft*, for appellants.

*Henderson & Berry*, for appellees.

SEEVERS, J.—I. The plaintiffs procured personal service on Wachenheim, and, by publication on Mattes, a decree by default was rendered. Mattes was dead when the action was commenced. Shortly after the decree was rendered, the widow of Mattes obtained knowledge thereof, and in her own name, and in the names of her children as heirs at law of Mattes, intervened in the action, and in substance asked that it be retried, and her title to the property in controversy quieted. To this petition there was an answer filed, and the cause was heard on the evidence introduced by the parties.

Counsel for the appellees insist that, as the petition of intervention was not filed until after final decree, it was filed too late, and that the intervenors could only have their rights adjudicated by an original petition in equity. The service on Mattes was by publication only, and the statute gives a party, or

any person legally representing him, a right to have the action retried, if an application therefor be made within two years after the rendition of the decree. Code, § 2877. In our opinion the proper remedy was pursued.

II. Counsel for the appellees further insist that the facts are the same as in *Williamson v. Wachenheim*, 58 Iowa, 277; and, as the conveyance in that case was held to be fraudulent, the same result must follow in this case. The claimed proposition is to an extent true. As to Wachenheim the conveyances in both cases may be considered to be fraudulent. In the cited case, it was found that Boehler had knowledge of the fraud and participated therein. We are unable to find, after a careful examination of the evidence by each of us, that Mattes had such knowledge, or participated in the alleged fraud. We deem it unnecessary to state the evidence, or the reasons for our conclusions, and such is not our custom.

The cause will be remanded to the district court with directions to enter a decree in accord with this opinion, or either party can have a decree in this court.

REVERSED.