## SPAULDING v. ADAMS.

1. **Fraudulent Conveyance of Chattels:** WHAT CONSTITUTES: EVIDENCE. Where an attaching creditor seeks to set aside a sale by his debtor of the attached goods, on the ground of fraud, it is not necessary to establish a fraudulent intent on the part of the purchaser; but it must be shown that the debtor had such intent, and that the purchaser had knowledge thereof, or of such facts as should have put him upon an inquiry which would have led to such knowledge; (*Jones v. Hetherington,* 45 Iowa, 681;) and where the language used by the debtor, when he purchased the goods of the attaching creditor, tended to show a fraudulent intent on his part, it was admissible in evidence to establish the first of the points above named.

2. **Practice in Supreme Court:** ERROR IN EXCLUDING EVIDENCE NOT SET OUT IN ABSTRACT. Where the abstract states what certain excluded evidence tended to prove, and it is not denied, it must be taken as true, and it is sufficient to enable this court to say that it was improperly excluded under the issues made, though the evidence itself is not set out.

3. **Fraudulent Conveyance of Chattels:** EVIDENCE OF: UNUSUAL EXTENSION OF CREDIT. Where chattels are sold under an agreement for an unusual extension of credit to the purchaser, such fact may be considered by the jury in determining the good faith of the transaction; and it was error in such a case to instruct the jury, as matter of law, that such fact should have no tendency to show an intent on the part of the vendor to delay his creditors, in case they should find an intention on his part to apply the proceeds of the sale, when collected, to the payment of his debts.

4. **Instruction:** EFFECT OF REFUSAL TO GIVE. The refusal by the court to give an instruction asked in effect withdraws from the jury the consideration of the facts embodied therein; and where the instruction asked is a correct statement of the law as applied to the facts, and the substance of it has not been given in other instructions, it is error to refuse it on the ground that the jury might properly consider the facts embodied in it without being so instructed.

5. ————: NEED NOT EMBRACE ALL THE FACTS. It is ordinarily impossible to group in a single instruction all the facts which the jury should consider in reaching a verdict; and this is not required;—not, at least, where the nature of the case is such as to make it impracticable.

*Appeal from Dallas Circuit Court.*

FRIDAY, APRIL 25.

ACTION to recover a stock of jewelry. The defendant is sheriff, and took possession of the goods in controversy under an attachment against one Lerew, and he claims that a sale of the goods made by Lerew to plaintiff is fraudulent, because made to hinder and delay creditors. Trial by jury; verdict and judgment for the plaintiff, and defendant appeals.

*Cardell & Shortley,* for appellants.

*Nourse & Kauffman,* for appellee.

SEEVERS, J.—I. The attachment under which the goods

were seized was in favor of Giles Bros. & Co., and the defendant sought to prove the representations made by Lerew at the time he purchased the goods of the attaching creditor. The evidence would, we think, have some tendency to show that Lerew made the sale with the intent to defraud his creditors. It was for the jury to say what weight should be given to it, in view of all the circumstances. To avoid the sale, the defendant must establish fraud upon the part of Lerew, and that the plaintiff had knowledge of the fraudulent intent of the seller, or had notice of such facts as would put a man of ordinary prudence upon inquiry which would have led to a knowledge of such fraudulent purpose. But it was not essential to establish a fraudulent intent on the part of the plaintiff. *Jones v. Hetherington*, 45 Iowa, 681. Before it could be shown that plaintiff had knowledge of Lerew's fraudulent intent, or he could be put on inquiry, there must ordinarily at least be evidence introduced tending to show fraud on Lerew's part. The evidence rejected by the court was, therefore, admissible, but the jury should have been properly instructed in relation thereto.

*1. FRAUDULENT conveyance of chattels: what constitutes: evidence.*

Counsel for the appellee make the point that the evidence sought to be introduced is not set out in the abstract, and therefore the error cannot be corrected. But it is stated in the record what the evidence tended to prove. This must be presumed to be true; and it is sufficient to enable us to say that the court erred in excluding it.

*2. PRACTICE in supreme court: error in excluding evidence not set out in abstract.*

II. There was evidence tending to show that the plaintiff purchased the goods in controversy of Lerew, and agreed to pay three hundred dollars in cash, and executed his notes for the balance, amounting to about eighteen hundred dollars. The contract of purchase was reduced to writing, and it is therein stated that the balance of the purchase money, remaining after the cash payment, was to be "paid in not less than

*3. FRAUDULENT conveyance of chattels: evidence of: unusual extension of credit.*

twenty-five dollars per month, to be secured by mortgage on the goods." Whether such a mortgage was executed we are not advised; and the record fails to show that notes were executed in accordance with the contract. But, however this may be, the presumption is that the goods were to be paid for as provided in the written contract. Under its terms, the plaintiff could only be required to pay at the rate of three hundred dollars per year. It would take six years to pay for the goods. The defendant asked the court to instruct the jury as follows:

"The jury are instructed that in determining the question of fraud you may consider the time of maturity of the notes given in part payment for the stock of goods sold by said H. C. Lerew to the plaintiff, the value of said notes when given, to whom or in whose favor they were executed."

This was refused, and the following instruction given:

"But if you find from the evidence that Lerew intended to apply the proceeds of the sale, whether notes or money in question, to the payment of his creditors, and did not intend to apply the sum or any part thereof to his own use, then the sale itself, even though it may have operated to hinder and delay creditors, would not, even against Lerew, be fraudulent."

We think the instruction refused should have been given, and that the instruction given, under the evidence introduced, is erroneous. If the goods were sold on long and unusual time, and the notes given therefor were of little or no value, or were less valuable than they purported to be, these are circumstances to be considered by the jury in determining the good faith of the transaction. What was a reasonable time was for the jury to say, but this question was taken from them by the instruction given, when it is considered in connection with the instruction refused.

The intent of Lerew to apply the proceeds of the sale to the payment of his debts is not conclusive that the sale was not made with the fraudulent intent to hinder and delay his

creditors, and yet this is the purport of the instruction given. We understand the instruction given, when applied to the facts, to mean that a person may sell his property on six years' time, and that this has no tendency to show a fraudulent intent in making the sale, if his intention was to apply the proceeds of the sale to the payment of his debts. If the time for which credit was extended was unusual under the circumstances, and no reasonable explanation was given why the sale was made on such terms and conditions, it was a circumstance for the consideration of the jury in determining the fraudulent intent. But the court said that, as a matter of law, the fact just stated constituted no evidence of a fraudulent intent, although the effect was to hinder and delay. The thought of the court must have been that Lerew had the absolute right to dispose of the goods in such manner as he saw proper; and this is true, if he did so in good faith. But whether he made the sale in good faith or not, can only be determined by a consideration of all the circumstances. If there was nothing unusual in the transaction, from which a fraudulent intent could properly and justly be inferred, then the sale was valid, although the effect may have been to delay creditors.

III. The defendant asked the court to instruct the jury in these words:

**4. INSTRUCTION: effect of refusal to give.** "If you find from the evidence that, at the time of the sale of the stock of jewelry by H. C. Lerew to the plaintiff, said Lerew was indebted in an amount equal, or nearly equal, to the value of said property so sold, and that said stock constituted all, or nearly all, of the property of said Lerew, and that plaintiff knew these facts, and, so knowing them, purchased said stock upon the terms as disclosed by the evidence in this case, and that the notes executed in part payment for said stock were executed in favor of the mother of said H. C. Lerew, with intent on the part of said Lerew to place the stock beyond the reach of his creditors, or prevent said plaintiff from being gar-

nished by the creditors of said Lerew, and said intention was known to the plaintiff at the time of the execution of said notes and before the delivery thereof, such facts, if proved, should be considered by you in determining the question of fraud."

This instruction was refused. There was evidence which tended to establish the matters stated in the instruction, and we think it, or an instruction of similar import, should have been given. Counsel for the appellee do not claim that the instruction asked is incorrect, or that a similar instruction was given; but they say that the facts referred to might well be considered by the jury, and that they were not withdrawn from their consideration. This constitutes no valid objection. In legal effect a consideration of the facts was withdrawn from the jury by the refusal of the court to give the instruction asked. If it was proper for the jury to consider the matters stated in the instruction, it was proper for the court to so indicate to them.

But it is said, the instruction does not refer to all the evidence introduced, and therefore the court did not err in refusing it. Where the defense to an action brought to recover property is that the sale or purchase under which the plaintiff claims was made to hinder and delay creditors, it is ordinarily impossible to state or group in a single instruction all the circumstances which tend to show that the sale was made with a fraudulent intent, or that it was made in good faith. The instruction asked simply called the attention of the jury to certain matters which the evidence tended to establish, and they were informed that they should consider such circumstances. From a consideration of the instructions given, we are impressed with the belief that the instruction under consideration was refused because the court thought it did not state the law correctly.

REVERSED.