W. T. JOYCE, Appellee, v. E. C. PERRY, J. A. F. BRUNNIER, W. M. HARRISON, ISABELLA A. HARRISON, GEORGE W. BOWEN, KIRK L. WILLIAMS, Defendants. E. C. PERRY and J. A. F. BRUNNIER, Appellants.

**Fraudulent Conveyance:** GRANTEE AS BONA FIDE PURCHASER. A subsequent grantee of lands conveyed by husband and wife in fraud of creditors, who successfully prosecuted a suit to set aside a conveyance to a prior grantee on the ground of fraud, is not entitled to the defense of a *bona fide* purchaser, in an action against him to subject the land to a judgment subsequently recovered against the original grantors.

JUDGMENTS: *How made liens.* A judgment recovered subsequent to a conveyance of real estate in fraud of creditors is not a lien on the land, and can be made so only by suit in equity provided the land would have been subject thereto if the title had remained in the debtors.

LANDS INCLUDING UNSELECTED HOMESTEAD. While a conveyance of land used as a homestead will not be set aside as in fraud of creditors, yet, where the homestead might have been selected from a part only of the land conveyed, the balance being subject to the grantor's debts, no homestead having in fact been selected, a decree declaring a judgment against the grantors, a lien on the land superior to the rights of fraudulent grantees was proper.

**Appeal:** OBJECTION BELOW. Where, in a suit to set aside convey-
ances of land as in fraud of creditors, the grantee did, in the
district court, not plead liens alleged to be superior to plain-
tiff's rights, he cannot urge such question on appeal.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD,
Judge.

TUESDAY, MAY 22, 1900.

THE defendants W. M. Harrison and Isabella A. Har-
rison are husband and wife. The latter was the owner of
eighty acres of land in Carroll county, Iowa, which for a
number of years was occupied by herself and her husband.
January 31, 1896, they conveyed this land by warranty deed
to one Kirk L. Williams. On the first day of August 1896,
Williams conveyed the same land by quitclaim deed to
George W. Bowen. August 10 and 11, 1896, Isabella A.
Harrison and her husband also executed a quitclaim deed
of the same land to George W. Bowen. September 22, 1896,
George W. Bowen conveyed by quitclaim deed to the de-
fendant J. A. F. Brunnier, and on the twenty-eighth day of
August, 1897, J. A. F. Brunnier conveyed the entire tract
to the defendant E. C. Perry by warranty deed. April 15,
1896, the plaintiff herein obtained a judgment against the
defendants W. M. and Isabella A. Harrison, in the district
court of Carroll county, for the sum of eighty-one dollars and
forty-six cents and costs, which judgment is still unpaid.
This is an action to establish said judgment as a lien upon
said land. The plaintiff alleged that the conveyance to Wil-
liams was made for the purpose of hindering and delaying
the creditors of the Harrisons, and was fraudulent and void,
and that the defendants Bowen, Brunnier, and Perry had
knowledge of the fraudulent character of said conveyance
when they took the title to said land. The defense is a gen-
eral denial, and an allegation that the land was the home-
stead of the Harrisons when conveyed to Williams. The dis-

trict court granted the plaintiff the relief prayed, and the defendants E. C. Perry and J. A. F. Brunnier appeal.— *Affirmed*.

*Douglas Rogers* for appellants.

*Lee & Robb* for appellee.

SHERWIN, J.—That the conveyance of this land from Isabella A. and W. M. Harrison to Kirk L. Williams was fraudulent cannot be questioned. The defendant George W. Bowen knew this fact when he took the title, and the defendant J. A. F. Brunnier successfully prosecuted an action to set aside the conveyance to Williams on the ground of fraud, so that he had full notice of the character of that transaction. No claim can therefore be made that any of Perry's grantors were without actual knowledge of the fraud in the conveyance to Williams. The judgment which the plaintiff held against W. M. and Isabella A. Harrison was obtained after the transfer of the title, and hence was not a lien upon the land. *Howland v. Knox,* 59 Iowa, 46. But it may be made a lien thereon by an action in equity, provided the land would have been subject thereto if the title had remained in the debtors.

One of the points made by the appellants is that this land was the homestead of the debtors, and consequently the conveyance cannot be set aside as fraudulent. It is true, this court has so held where the homestead alone was involved, but it has never applied this rule to the conveyance of a body of land out of which the homestead might be selected. No homestead had been selected in this case, and but forty acres could in any event be reserved therefor, and the balance of the land was subject to the payment of debts; and all the decree granted was that the judgment be a lien upon the real estate superior to that of the defendants.

We are fully satisfied from the evidence that the defendant E. C. Perry had actual knowledge before his pur-

chase that the conveyance from the Harrisons to Williams was fraudulent. He was not, therefore, a *bona fide* purchaser, as claimed, and is not entitled to protection as such. *Jones v. Heatherington,* 45 Iowa, 681; *Williamson v. Wachenheim,* 58 Iowa, 277.

The defendant J. A. F. Brunnier contends that he has liens upon said land which are superior to plaintiff's, but he did not so plead in the district court, and we can grant him no relief here not asked there. *Walker v. Walker,* 93 Iowa, 681; *Williamson v. Wach-* 69 Iowa, 710. The judgment of the district court is AFFIRMED.