'URDANGEN AND GREENBERG BROTHERS v. JOHN DONER,
Sheriff, Appellant.

Practice: DAMAGES. In an action to recover personal property,
1 refusal to strike from a petition an improper claim for damage
is not prejudicial error, where the claim is abandoned on the
trial and the jury is properly instructed on the question of
damage.

Evidence. In an action for the fraudulent transfer of goods, test-
2 imony of the purchaser that he told the vendors at the time
of the purchase that he was offered another stock at a
discount, when brought out on cross-examination, was proper
as part of the conversation.

Rights of Vendee. Whether the vendor of goods turns the pro-
3 ceeds over to his trustee in bankruptcy, after the sale, in no
manner affects the purchaser's rights who was then a stranger
to the title.

Evidence. The statement of a witness that parties to the action
4 were in a position to hear a conversation between himself and
another should be stricken out as a conclusion.

Practice. Where no objection is made to the competency of a
5 witness or his evidence, the question cannot be raised after
his answers are given.

Fraudulent Conveyance: INSTRUCTIONS: An instruction, that a
6 sale of goods is not fraudulent as to the vendees unless they
knew or had knowledge of such facts as would put a reason-
able man on inquiry and if pursued lead to a knowledge of
the vendor's fraudulent purpose, is correct.

Inadequate Consideration. Inadequacy of consideration may be
7 considered on the question of a good faith purchaser, but of
itself will not render a sale void.

Fraud: NOTICE. It is knowledge, and not a suspicion of facts
8 sufficient to put a reasonably prudent man on inquiry, which
amounts to notice of the fraudulent purpose of the vendor of
goods.

*Appeal from Monroe District Court.*—HON. F. W. EICHEL-
BERGER, Judge.

MONDAY, FEBRUARY 1, 1904.

SUIT to recover specific personal property or its value, taken from the plaintiffs under a writ of attachment. The defendant alleged a fraudulent purchase of the property by the plaintiffs. There was a trial to a jury, and a verdict and judgment for the plaintiffs. The defendant appeals.— *Affirmed.*

*H. H. Trimble, T. B. Perry, Geo. W. Dashiel, W. D. Tisdale,* and *Wm. McNett* for appellant.

*J. C. Mabry, W. R. Lewis,* and *A. C. Parry* for appellees.

SHERWIN, J.—The plaintiffs bought the stock of goods involved in this litigation of insolvent debtors only a day or two before the attachments were levied and the goods taken, and the sole fact issue in the case was whether the purchase was fraudulent as to the vendor's creditors. This issue has been exhaustively argued by both sides, and we have given the evidence the careful examination and consideration which the importance of the case demanded, and have reached the conclusion that we should not interfere with the verdict. Some suspicious circumstances were developed upon the trial, it is true, but they were fairly explained, and, if the jury believed the evidence offered by the plaintiffs—as they seem to have done— the verdict is well supported.

In their petition the plaintiffs demanded a certain amount per day for the detention of the goods. A motion to strike this allegation was overruled, as was also a motion to require the plaintiffs to state upon what ground they made the claim. The claim was not a proper element of damage in this case, and should have been stricken; but it was wholly abandoned by the plaintiffs, and a proper instruction given on the question of damages, hence there was no prejudice in the ruling.

1. PRACTICE: damages.

The testimony of Urdangen relative to his having been offered another stock of goods for fifty-five cents on the dollar

was brought out on his cross-examination as to the conversation between him and his vendors when he was negotiating the purchase. He testified that he told them that he had received such an offer. It was competent as a part of the conversation between them at the time the sale was made.

2. EVIDENCE.

Whether the plaintiffs' vendors did or did not turn over to the trustee in bankruptcy the money received for the goods some two or three days after the sale had been consummated could in no manner bind the plaintiffs, because the vendor was then a stranger to the title, and his acts and declaration could not affect the plaintiffs' rights. *Bixby v. Carskaddon,* 70 Iowa, 726; *Neuffer v. Moehn,* 96 Iowa, 731.

3. RIGHTS of vendee.

After the sale had been fully consummated, and after the plaintiffs had taken possession of the stock, the cashier of a bank went into the plaintiffs' store, and had a conversation with the vendor's former manager, Jameson, relative to an overdraft due the bank from them. The witness related his talk with Jameson, stated where the plaintiffs were when it took place, and his tone of voice, and was then asked if they heard the conversation, and answered that he thought they could hear him. This part of the answer was stricken out as a conclusion of the witness, and, we think, rightly so. He did not pretend to know whether the plaintiffs were in possession of their faculties of hearing, or pretend to have any special knowledge relative to them; and, if they could hear ordinarily well, the jury was as well able to judge whether they could hear the particular conversation related as was the witness. In any event, no prejudice could have resulted from the ruling, for the conversation could in no way bind the plaintiffs at that time. They had then paid for the goods, were in possession thereof, and their vendors had gone.

4. EVIDENCE: conclusion.

No objection was made to the testimony of the witness Lutz, or to him as a witness on the ground of his confidential

relations with Jameson.  After his answer was given, it was
too late to raise the question.  Parties may not
5. EVIDENCE.   thus speculate on the answer of a witness.
Moreover, the conversation between them was not privileged.
It did not relate to Jameson's business, nor to any matter of
personal interest to him.

The appellants complain of the twelfth paragraph of the
instructions given.  It is as follows: "The sale of the goods,
if one was made, by Popofsky & Bernstein to plaintiffs, would
6. FRAUDULENT   not be fraudulent and void as to plaintiffs, al-
conveyances:
instructions.   though you should find—if you do so find—
that in making the sale Popofsky & Bernstein intended to
hinder and delay or defraud their creditors in the collection
of their debts, unless it is further shown by the greater weight
or preponderance of the evidence that the plaintiffs had
knowledge of such intent or purpose, or had notice of such
facts as would have put a man of ordinary prudence upon
inquiry as to such intention, which inquiry, if made with
ordinary diligence, would have led to a knowledge of the in-
tention of Popofsky & Bernstein to thus hinder and delay or
defraud their creditors, if such is the fact, and that they
neglected or refused to pursue such inquiries."  There is no
error in the instruction.  It announces the well-settled rule in
this state.  *Rosenheim v. Flanders,* 114 Iowa, 291; *Spauld-
ing v. Adams,* 63 Iowa, 4?7; *Jones v. Hetherington,* 45
Iowa, 681.

We are not certain whether the appellants challenge the
eleventh paragraph of the charge.  It told the jury that, if
the plaintiffs did not pay the full value of the stock, it would
7. INADEQUATE   be a circumstance to be considered in determin-
consideration.   ing their good faith, but that it would not alone
render the purchase fraudulent.  The instruction is not sub-
ject to criticism.  Inadequacy of consideration alone does not
render a sale fraudulent.  This rule is too well settled to re-
quire the citation of authorities in its support.

Many instructions were requested by the defendant, and
the refusal to give them is complained of.  The charge given

by the court was unusually full and complete. It embodied much of the law requested by the appellant, and, we think, as specifically called the attention of the jury to the facts in evidence as was proper.

The principal complaint of the appellant relates to the rejection of instructions stating that, if the plaintiffs had knowledge of "facts sufficient to excite the suspicions of a prudent man, or to lead a person of ordinary perception to suspect fraud," it would amount to actual notice thereof. Suspicion of fraud is not alone sufficient to establish it, nor sufficient to impart notice of it. Wait on Fraudulent Conveyance, section 283. If the suspicion existed, and was based upon facts and circumstances known to the purchaser, it would then be a question for the jury whether the knowledge of such facts and circumstances should have put a man of ordinary prudence upon inquiry, which, if made with diligence, would have led to knowledge of the vendor's intention; in other words, it is the facts known to the vendee which require him to act, and not his suspicions, and this the jury was repeatedly told in the instructions given.

The case was carefully and fairly tried, and we find no prejudicial error in the record. A motion to dismiss the appeal because of the performance of the judgment was submitted with the case. Without discussing the question involved, we reach the conclusion that the payment of the costs of the case was not, in the circumstances, voluntary, and the motion is overruled.

The judgment is AFFIRMED.