- FIRST NATIONAL BANK OF TAMA, Appellant, v. J. M. LYNCH, Appellee.

**FRAUDULENT CONVEYANCES:** Evidence—Sufficiency. A showing that a conveyance by a debtor is attended by a mere suspicion of fraud is not sufficient foundation for decreeing its invalidity. Fraud must be clearly and satisfactorily established.

Headnote 1:    27 C. J. pp. 820, 821.

Headnote 1:    12 R. C. L. 671.

*Appeal from Poweshiek District Court.*—CHARLES A. DEWEY, Judge.

DECEMBER 14, 1926.

Action by a judgment creditor to set aside as fraudulent a mortgage given by the debtor. From a judgment dismissing the petition the plaintiff appeals.—*Affirmed.*

*James H. Willett* and *J. G. Shifflett*, for appellant.

*Thomas J. Bray*, for appellee.

VERMILION, J.—The plaintiff and appellant, the First National Bank of Tama, is the holder of an unsatisfied judgment against W. W. Lynch, who is the owner of 80 acres of land in Poweshiek County. On November 9, 1923, W. W. Lynch executed a note for $8,864, payable to the appellee, J. M. Lynch, his brother, and secured the same by a second mortgage on the land. The action is to set aside this mortgage as having been executed in fraud of creditors.

The controlling principles of law are well settled. A creditor, acting in good faith, may take security from his debtor, or secure payment of his debt, although he knows that there are other creditors whose claims will thereby be defeated. Even knowledge on his part that the debtor is actuated by a fraudulent purpose is not sufficient to avoid the conveyance to him, if he acted in good faith and for the purpose of obtaining security for his debt, and not for the purpose of aiding the fraud. *Rosenheim v. Flanders,* 114 Iowa 291; *Steinfort v. Langhout,* 170 Iowa 422; *Ford v. Ott,* 182 Iowa 671; *Halloran v. Halloran,* 195 Iowa 484; *Grant v. Cherry,* 199 Iowa 164. Fraud will not be presumed from the mere showing of a tie of blood between the parties, although such relationship is a proper subject for consideration in the examination of such a transaction. *Farmers L. & Tr. Co. v. Scheetz,* 196 Iowa 692.

The question presented is one of fact. It is the claim of appellee that the mortgage was given to secure an existing indebtedness. The determination of the case turns, ultimately, upon whether such indebtedness in fact existed at that time. If the claimed indebtedness existed, there can, under the record, be no question but that the mortgage was not fraudulent. If, on the other hand, there was no such indebtedness, it is clear that there was a fraudulent purpose on the part of both the mortgagor and the appellee. The latter admits that he had knowledge of the claim of the appellant, and testified that he was moved to take the mortgage by knowledge of efforts on the part of appellant to obtain security for, or payment of, its claim.

The testimony of W. W. Lynch was offered by the appellant. Both he and the appellee testified, in substance, that, from a time prior to 1916, W. W. Lynch had borrowed money in various amounts from the appellee, and had executed notes therefor; that new notes were at times taken for a portion of the

indebtedness, and the old notes surrendered; that none of the notes provided for interest; that, at the time of the execution of the mortgage in question, such indebtedness amounted to $10,464, and was evidenced by five notes in various amounts aggregating that sum; that, at that time, in addition to the note and mortgage in question, $1,000 of the indebtedness was secured by a mortgage on other property, and appellee took a threshing machine for $600. The transaction with reference to the latter mortgage and the threshing machine is not here involved, further than as it may bear upon the good faith of the parties. The five prior notes are in evidence.

W. W. Lynch testified that he had been engaged in farming and stock feeding, and had lost $10,000 or $12,000 in feeding cattle and hogs, and had expended $3,000 in improvements on the farm. The appellee testified that, during the years when he made the claimed loans, he had an income of from $2,500 to $5,500 a year from his occupation as traveling salesman; that his wife was divorced in 1918, and after that he had no family. The testimony as to making of the loans was, to a limited extent, corroborated by the wife of W. W. Lynch.

Neither the appellee nor W. W. Lynch was able to give the amounts or dates or circumstances of any but a few of the claimed loans, nor were any of the notes claimed to have been given therefor, except the five referred to, produced on the trial. Some of the loans were claimed to have been made by check, but no checks were produced.

There was no direct contradiction of the testimony of the Lynches. Its force must be overcome, if at all, by the inherent improbability of the story told and the appearance of the surrendered notes.

It is not incredible that W. W. Lynch suffered such losses in his business and made such improvements on his farm during the years when it is claimed he borrowed money of his brother, or that he required assistance to the extent claimed. Neither can it be said that the failure of the witnesses to recall the details of all the loans, or what, in particular instances, the money was used for, renders their uncontradicted story unworthy of belief. Nor does it appear that appellee was not financially able to have made the loans claimed.

The strongest circumstance tending to discredit the testi-

mony of the appellee and his brother is that the notes surrendered on the execution of the mortgage, which have been certified to this court, although purporting on their face, and claimed by the Lynches, to have been executed at different times during a period of five years, are all upon the same printed form, with the blanks filled and changes made in typewriting which appears to have been done on the same machine and with the type and ribbon in the same condition. The form is one evidently designed for use by agents in the sale of vehicles for the Spaulding Manufacturing Company. The appellee testified that, prior to 1916, he had been employed by that concern, and had kept a number of its blank notes, and that he prepared the notes in question on his own typewriter, the ribbon on which had not been changed since 1910. The signatures on the second and fourth notes in point of time appear to have been made with a black, and on the others with an indelible, pencil.

There was testimony from two witnesses who were bankers, and familiar with signatures, and professed some familiarity with typewriting, that, in their opinion, the signatures on the notes were made at the same time, and that the blanks were filled and the changes made in the notes on the same typewriter at the same time, and that a typewriter ribbon would become dry in time, and make a dimmer impression.

We think it cannot be said, however, that the appearance of the notes and the expert testimony with respect thereto are sufficient to overcome the positive and otherwise uncontradicted testimony that the notes were executed at the different times claimed.

The burden was on appellant to establish the fraudulent character of the mortgage, and, under the facts and the claim made, that there was no existing indebtedness, and therefore no consideration for the mortgage. This burden it clearly has not sustained by the claimed improbability of the testimony of the parties to the mortgage with respect to the indebtedness. If it be conceded that the appearance of the notes raises a suspicion that they were all written at the same time, and that this affects the credibility of the testimony of the parties that they were made at different times and evidenced an indebtedness then existing, this does not, under all the circumstances shown, in our opinion, establish that no such indebtedness existed, as against

the uncontradicted and not unreasonable testimony of the parties to the transaction that it did exist.

A conveyance is not set aside at the suit of a creditor on a mere suspicion of fraud, but the evidence thereof must be clear and satisfactory. *Ray v. Teabout*, 65 Iowa 157; *Cathcart v. Grieve*, 104 Iowa 330; *Urdangen v. Doner*, 122 Iowa 533; *Smyth v. Hall*, 126 Iowa 627; *Corn Belt Sav. Bank v. Burnett*, 203 Iowa ——.

We agree with the conclusion reached by the trial court, and the judgment is—*Affirmed*.

De Graff, C. J., and Stevens and Faville, JJ., concur.