Stadler, Bro. & Co. v. Allen.

STADLER, BRO. & CO. v. ALLEN ET AL.

1. **Judgment:** LIEN OF: PARTNERSHIP.  A judgment which cannot be enforced against property is not a lien thereon, and accordingly a judgment against a firm is not a lien upon the individual property of the partners.

2. ———: ———: ———.  A. had a mortgage upon the land of P. and of W.; S. subsequently to the execution and recording of the mortgage obtained a judgment against the firm of P. & W.: *Held*, that after the foreclosure of the mortgage, to which S. was not made a party, he was not entitled to come in and redeem.

*Appeal from Warren District Court.*

WEDNESDAY, OCTOBER 4.

THIS is an action brought by one claiming to be a junior lien-holder by judgment, to redeem lands covered by a mortgage after a foreclosure to which he was not a party.  There

was a decree in the District Court dismissing plaintiffs' bill, after a trial upon the merits, from which they appeal. The facts of the case involved in the question decided in the opinion appear therein.

*Todhunter & Williamson,* for appellants.

*Bryan, Maxwell & Seevers* and *J. S. Polk,* for appellees.

BECK, J.—The facts of this case, so far as they are involved in the question upon which the decision we shall announce wholly rests, are as follows:

1.  September 24th, 1857, John D. Parmlee and John Watts executed a mortgage on the lands involved in this action to B. F. Allen. It was filed for record the following day.

2.  A decree of foreclosure was rendered upon this mortgage February 18, 1861; the amount found due the plaintiff therein is $3,739. Plaintiffs were not made parties to the foreclosure proceedings.

3.  On the 18th of May, 1861, the lands were sold upon the foreclosure decree.

4.  On the 14th day of August, 1860, plaintiffs recovered a judgment against Parmlee & Watts, a firm composed of the mortgagors executing the mortgage to Allen.

5.  February 17, 1870, plaintiffs commenced this action claiming an equity of redemption, under the mortgage to Allen, held by them as junior lien-holders, which had not been cut off by the foreclosure, as they were not parties thereto.

We are to determine upon these facts whether plaintiffs hold an equity of redemption, which they are now entitled to enforce.

Their equity of redemption, if any they have, is based upon the judgment they recovered against the firm of Parmlee & Watts, subsequent to the execution of the mortgage under which defendants' claim.

One holding a lien by judgment junior to a mortgage has an equity of redemption which he may enforce unless it be foreclosed by an action to which he is a party. The judgment

in order to support this equity must be a lien on the mortgaged lands.

Under the statute in force when the rights of the parties in this case accrued, judgments were liens upon real estate owned

1. JUDGMENT: lien of: partnership. by defendants therein, at the time of the rendition thereof and upon all subsequently acquired. Rev., § 4105. At the time plaintiffs' judgment was rendered the firm against which it was taken did not hold the legal title to the land. It was in the name of the partners individually. Now, if the land was purchased by the partners, with their individual funds, the *firm* held only such an interest in the land as arose from the fact that it was the individual property of the partners. As such it was subject to be taken for debts upon *scire facias.* Rev. § 2785. Plaintiffs' judgment could not have been enforced against it. A judgment which cannot be enforced against property is not a lien thereon. *Lamb v. Shays,* 14 Iowa, 567. Plaintiffs' judgment could not be considered a lien until after *scire facias.*

If the land was acquired by the firm, purchased with its money, it would constitute a fund which the firm creditors could take in preference to the creditors of the individual co-partners. But as long as the title of the land is held by the individual members of the firm, this could not be done without proceedings supplemental or auxiliary to the judgment against the firm. It would be simply the case of the legal title to the land held by the several partners in trust for the firm creditors. If the land was purchased with the money of the firm, the judgment was not a lien thereon. In either of the cases stated, the land would be regarded in equity as subject to the judgment of plaintiffs. But as the judgment cannot, in either case, be enforced against it without further auxiliary proceedings, it cannot be a lien upon the property. It follows that as plaintiffs hold no lien on the land, they are possessed of no equity of redemption.

It is shown that Allen, who purchased the land upon the sale under his foreclosure, had no actual notice of plaintiffs' claim

2. ——: ——: ——. to redeem. Their judgment against the firm of Parmlee & Watts could not impart notice that

John D. Parmlee and John Watts were the co-partners. The action being prosecuted and the title acquired without notice of plaintiffs' claim, it would be inequitable, especially in view of the fact that Allen has parted with the title to the land, to subject it now to the claim of plaintiffs. We have held that "a judgment is not a lien upon an equitable interest in real estate, in the sense to change or affect a subsequent *bona fide* purchaser without notice." *Hultz v. Zollars*, 39 Iowa, 589. The same equitable doctrines which are the foundation of this rule, forbid us in this case to subject the title of the land in the hands of *bona fide* holders to disturbance, and to be defeated by an equity of redemption in the hands of plaintiffs.

Other questions discussed by counsel need not be considered, as the conclusion we reach denies the existence of the equity of redemption claimed by plaintiffs, and defeats their recovery under any circumstances.

·Affirmed.