## HOWLAND v. KNOX.

1. **Fraudulent Conveyance**: EQUITY OF GRANTOR: SUBSEQUENT JUDGMENTS NO LIEN: REDEMPTION. Where a party conveys his real estate with the intent to defraud his creditors, the conveyance is absolute as to him, and he attains no equitable interest therein which is the subject of a lien, under our statute, in favor of a subsequent judgment creditor of the grantor; and hence, such judgment creditor has no statutory right to redeem the property from a sale thereof, made under special execution, at the suit of other creditors, who have had the conveyance set aside in a proceeding in equity.

2. ———: RIGHTS OF CREDITORS. When a debtor fraudulently conveys his property to defeat his creditors, the creditors may, after judgment, adopt one of two courses: they may, by an action in chancery, subject the property to the payment of their judgments; or they may levy upon the property and sell, and afterwards go into chancery and quiet their title

*Appeal from Benton District Court.*

THURSDAY, JUNE 15.

THIS is an action in equity, by which it is sought to redeem certain real estate from a sale on execution. There was a trial to the court and a decree was entered dismissing the plaintiff's petition, from which he appeals.

*J. C. Traer* and *O. L. Cooper*, for appellant.

*Gilchrist & Haynes*, for appellee.

ROTHROCK, J.—The material facts in the case are not in dispute and are as follows:

About the 1st of October, 1874, John F. Pyne, being the

owner of the real estate in controversy, conveyed it to M. P. Woods, in trust for his (Pyne's) minor heirs. During the months of October and December, 1874, the creditors of Pyne obtained judgments against him in the District and Circuit Courts of said county. Plaintiff herein being one of the creditors recovered his judgment on the 24th day of December, 1874. In the year 1876 all the judgment creditors of Pyne, excepting the plaintiff herein, united as plaintiffs in an action in equity by which they sought to subject the real estate in controversy to the payment of their judgments, upon the ground that said conveyance was fraudulent as to them. There was a trial of the action and it was found that the conveyance was invalid and a decree was entered subjecting the property to the payment of the judgments of the plaintiffs in the action, and fixing their rights of priority in the application of the proceeds of a sale on special execution. The defendants appealed from the decree in that case and the same was affirmed by this court. See 55 Iowa, 348. No supersedeas bond was filed, and special execution issued on the decree, and on the 17th of July, 1880, the property in controversy was sold by the sheriff to John Thomas, one of the plaintiffs in that action, for $400. The sale was made without redemption, and the sheriff immediately executed a deed to said Thomas for said property. On the 17th of January, 1881, the defendant Knox purchased the property and received a warranty deed therefor. On the 16th of April, 1881, and within nine months after the sheriff's sale on special execution, the plaintiff herein deposited with the clerk of the court the full amount of money necessary to redeem from the sale, claiming that he had the right of redemption. The defendant refused to accept the money so deposited, and this action was brought to compel a redemption and a conveyance of the property to the plaintiff.

There are other facts and issues in the case which we do not think it is necessary to state, because in our opinion the rights of the parties are fixed by the facts above recited.

Howland v. Knox.

The plaintiff claims the right to make statutory redemption of the property from the sale, because he is a judgment creditor of Pyne. To entitle him to that right he must show that his claim was a lien upon the real estate when the offer of redemption was made. Code, § 3103. He claims, that, as under our statute, Code, sections 45 and 2882, judgments are liens upon real estate owned by the defendant, and upon any legal or equitable interest therein owned or held by the defendant, his judgment was a lien upon the property in controversy, because the conveyance thereof was fraudulent as to him. That a judgment is a lien upon an equitable interest in real estate has frequently been determined by this court. *Harrison v. Kramer*, 3 Iowa, 543; *Cook and Sargent v. Dillon*, 9 Id., 407; *Lippincott, Johnson & Co. v. Wilson*, 40 Id., 425; *Twogood v. Stephens*, 19 Id., 405.

The real question then in this case is, did Pyne, the judgment debtor, have any equitable interest in the property in controversy after he made the fraudulent conveyance to Woods? He had no interest that he could enforce as against Woods, because the law will not allow him to take advantage of his own wrong. As to all the world, excepting his creditors, the conveyance to Woods was valid and unimpeachable. As to his creditors it was voidable only, and they could subject the property to the payment of their debts only by uncovering the fraud by an action in chancery. A levy of an execution upon this land and a sale without other proceedings would be wholly unavailing. When a debtor fraudulently conveys property to defeat his creditors, the creditors may, after judgment, adopt one of two courses. They may, by an action in chancery, subject the property to the payment of their judgments, or they may levy upon the property and sell, and afterwards go into chancery and quiet their title. *Harrison v. Kramer, supra.* But a sale on execution, without such subsequent action, would confer a mere barren right without value, because the legal title of the fraudulent grantee without

an adjudication against him would be an insuperable barrier to the acquisition of right, title, or possession. *Lippincott, Johnson & Co. v. Wilson*, 40 Iowa, 425.

In our opinion the defendant in a judgment has no such interest, equitable or otherwise, in real estate which he has conveyed to defraud his creditors, as is the subject of a lien in favor of the judgment creditor.. There is no case in this State which so holds. In *Stadler Bro. & Co. v. Allen*, 44 Iowa, 198, it is held that a judgment which cannot be enforced against property, is not a lien thereon. It is true that in some of the cases cited by counsel for the appellant, which hold that judgments are liens upon equitable interests, it was sought to subject lands fraudulently conveyed to the payment of judgments, yet the question of the judgments being liens in the sense that the judgment creditor was entitled to make statutory redemption was in no manner involved. On the other hand as implying, at least, that a judgment is not a lien under the statute is such cases, see *Bridgman & Co. v. McKissick*, 15 Iowa, 260, where it was held that a junior judgment creditor by first instituting equitable proceedings to subject property to the payment of his debts, acquires a priority of lien over a senior judgment creditor who has been less diligent.

This decision can only be sustained upon the theory that the lien does not attach by virtue of the statute, but by the assertion of the right in the creditor to subject the property to the payment of the judgment. If the judgment is a lien in such case, how could it be displaced or deferred by a junior lien of the same kind?

If the judgment of the plaintiff was not a lien under the statute, that appears to us to be an end to this case. It is hardly necessary to say that the decree in favor of the other creditors, which operated to subject the property to the payment of their judgments, in no manner enlarged or changed the rights of the plaintiff. He was not a party to that action and nothing in that decree operated to make his judgment a lien upon the property.

It is true that in the case of *Chataqua Co. Bank v. Risley,* 19 N. Y., 369, it is held that a judgment creditor is in such case entitled to assert the statutory lien and is not required to take any equitable remedy. But as opposed to this see *Rappolige v. International Bank,* 93 Ills., 396; and Freeman on Judgments, Ed. of 1881, Sec. 350.

AFFIRMED.