## LANG v. THE HAWKEYE INSURANCE COMPANY.

1. **Fire Insurance**: WARRANTY AGAINST INCUMBRANCE : BREACH : JUDGMENTS PAID BUT NOT SATISFIED. The insured in her application warranted that the insured property was not incumbered. There were four judgments against the property which were not satisfied of record, but it was shown that the sheriff had collected and paid over to the judgment creditors the amounts of two of them, and that the judgment debtor in the other two had the receipts of the judgment plaintiffs acknowledging satisfaction of their judgments. *Held* that no breach of the warranty was shown.

2. ———: WARRANTY OF OWNERSHIP : BREACH : PENDING ACTION TO ESTABLISH A LIEN. A warranty of sole and undisputed ownership, in an application for insurance, was not broken by the fact that an action was pending to subject the property to the payment of a judgment, obtained against a former owner after he had conveyed it, on the ground that he had conveyed it for the purpose of hindering and defrauding his creditors ; since such action did not question the ownership, but only sought to establish a lien.

*Appeal from Keokuk Superior Court.*

FILED, SEPTEMBER 4, 1888.

ACTION on a policy of insurance against loss or damage by fire. Trial to the court without the intervention of a jury, and judgment for plaintiff. Defendant appeals.

*George R. Sanderson*, for appellant.

*Craig, McCrary & Craig, Sebert M. Casey* and *Van Valkenberg & Hamilton*, for appellee.

REED, J.—Plaintiff expressly warranted the truth of the statements contained in her application for insurance. One of the statements contained in the application is that the property was not incumbered; another is that plaintiff was the undisputed owner of the property. Defendant pleaded that there was a breach of the first warranty, in that certain judgments against George Armknecht, a former owner of the property, remained unsatisfied when the application was signed, and were liens upon the property; and that there was a breach of the other warranty, in that an action by a judgment creditor of said George Armknecht was pending when the application was signed to subject the property to the satisfaction of his judgment, on the ground that the conveyance of the property by Armknecht to an intermediate grantee, and by that grantee to plaintiff, was for the purpose of hindering and delaying the plaintiff in the action in the collection of his debt.

I. On the trial, defendant introduced in evidence the records of four judgments in the district court of Lee county against George Armknecht, which were rendered while he owned the property. It did not appear by the records that the judgments had ever been satisfied. It was proven, however, that execution had issued on two of the judgments before plaintiff made the application for the insurance, and that the sheriff had collected and paid over to the plaintiffs the amount of the judgments. It was also proven that Armknecht held the receipts of the plaintiffs in the other cases, acknowledging satisfaction of their judgments. These receipts also bore date earlier than plaintiff's application for the insurance. It has not been seriously contended in this court that the principal of the judgments had not been satisfied. But it was contended that the evidence did not show the payment of the costs in the several cases. But we think that the reasonable presumption from the facts proven is that the costs were paid. The uniform custom is for the sheriff,

1. FIRE insurance: warranty against incumbrance: breach: judgments paid but not satisfied.

Lang v. The Hawkeye Ins. Co.

when he has collected money on execution, to apply a sufficient amount thereof for the satisfaction of the costs before paying anything over to the execution plaintiff. And when a judgment creditor acknowledges full satisfaction of his judgment, the presumption, inasmuch as the judgment for costs is in his favor, is that he has received the amount of the costs. We think it clear, therefore, that the first breach of warranty alleged by defendant is not established by the evidence in the case.

II. The action in equity to subject the property to the satisfaction of the judgment against Armknecht had been pending for more than a year when plaintiff made application for the insurance. It was alleged in the petition that Armknecht owned the property when he contracted the debt evidenced by the judgment which the plaintiff in the action had recovered against him ; that before the judgment was rendered he conveyed the property to his wife, who subsequently conveyed it to plaintiff ; and that each of said conveyances was without consideration, and was executed for the fraudulent purpose of hindering and delaying the creditors of Armknecht in the collection of their debts. The relief demanded was that the property be subjected to the satisfaction of the plaintiff's judgment against Armknecht.

*2. ——: warranty of ownership: breach; pending action to establish a lien.*

The important question in the case is whether there was a breach of plaintiff's warranty, that she was "the sole and undisputed owner of the property," by reason of the pendency of that action. We are of the opinion that this question should be answered in the negative. This conclusion follows necessarily, we think, from a consideration of the character of the proceeding and the relief demanded. It was not averred in the petition that Armknecht retained any interest in the property, nor was relief sought upon the ground that plaintiff had not acquired the full ownership of it ; but the claim was that, owing to the motives and intentions of the parties in executing and accepting the conveyances, the property in her hands should be subjected to judicial sale

for the payment of the debt. The plaintiffs in the action did not claim that they had any interest in or a lien on the property. Their judgment was not a lien upon it, for by their own showing the debtor had parted with all interest before the judgment was rendered. If they had prosecuted their action to a successful issue, they would have acquired a lien, it is true, but such lien would have existed, not by virtue of the judgment against Armknecht, but would have been created by the decree against plaintiff. *Howland v. Knox*, 59 Iowa, 46. The warranty relied on is not against incumbrances existing or asserted, but is a warranty of undisputed ownership, and was not broken by the pendency of the action, which, as we have seen, did not dispute plaintiff's ownership, but sought only the establishment of a lien.

There was evidence introduced on the trial which tended to prove that the plaintiffs in the equity action had abandoned their suit, although it had not in fact been discontinued; but, as the judgment is supported by the view we have considered, we deem it unnecessary to go into the question as to its sufficiency.

AFFIRMED.