A. M. BYERS & COMPANY, Appellants, v. M. F. McENIRY *et al.*

*Resulting Trusts.* A conveyance of land to a creditor of the grantor under an oral agreement that it should be sold, and the proceeds apportioned between the grantee and other creditors of the grantor, cannot raise a resulting trust in favor of such other creditors, since a resulting trust cannot rest on an express agreement.

DEED AS MORTGAGE: *Express Agreement.* Where a debtor conveyed land to a creditor under an oral agreement that it should be sold, and the proceeds divided between the grantee and other creditors of the grantor, the conveyance cannot, at the suit of another creditor, be regarded as a mortgage for the benefit of all the other creditors, as an express trust, under Code, section 2918, cannot be established by parol.

*Written admission of trust.* The fact that in such suit the grantee did not, in his pleadings, admit that plaintiff was to be a beneficiary of the supposed trust, renders a contention that he had acknowledged the trust in writing untenable.

*Liens:* ATTACHMENT OF LAND: *Statutes.* Prior to the enactment of Code, section 3989, authorizing the levying of attachment on land or equitable interests therein, no lien on land could be acquired by attachment.

SAME: *Lis pendens.* Code, section 3989, provides that real estate, or equitable interests therein, may be attached, and the levy shall be a lien from the entry in the office of the county clerk; that on a levy on any equitable interest the entry shall show the name of the holder of the legal title and that of the holder of the alleged equitable interest; and that the grantor of realty conveyed in fraud of creditors shall be deemed the equitable owner thereof, and such interest may be attached when the petition alleges the fraudulent conveyance. *Held,* that this section was intended to act simply as a *lis pendens,* and gives an attaching creditor no enforceable lien entitling him to redeem from a former execution sale.

REDEMPTION BY CREDITOR. A creditor cannot redeem from an execution sale of the debtor's land if he has no lien thereon.

SAME. Land was sold under a judgment lien, the judgment creditor taking a certificate, which he assigned to another creditor

of the judgment debtor, who had already brought suit and attached the land. A third creditor then obtained a quitclaim deed from the judgment debtor, and redeemed from the sale. *Held*, that this redemption was as owner, and, while it removed the judgment indebtedness, did not prevent judgments obtained by the assignee of the certificate from being a lien on the land.

*Conditional redemption by agreement.* Having redeemed under the quitclaim, and consequently as owner, the redemptioner was thereafter in no position to claim that the redemption was by agreement only for the purpose of' preserving the land subject to the claims of himself and other creditors, as beneficiaries under an alleged trust arising from a deed by the debtor to one of his creditors under a parol agreement that the land should be sold and the proceeds distributed, and that, this purpose having failed, he was entitled to a return of the redemption money; and more clearly so as the redemptioner was not a party to the alleged agreement.

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, OCTOBER 9, 1902.

ON the 13th day of January, 1898, J. T. McFee, who was at the time in financial distress, and indebted to various parties,—the plaintiff's and. the bank represented by them being among his creditors,—executed and delivered to M. F. McEniry, who was one of his creditors, a warranty deed of the land involved in this controversy. The land at the time of this conveyance was incumbered by mortgages and by a judgment lien in favor of the Creston National Bank. This judgment was afterwards assigned to E. C. Wolfers, who caused a sale of the land thereunder, took a certificate therefor, and subsequently assigned the same to the appellee A. B. Turner, who had already brought suits against McFee, and attached the land in question after its conveyance. to McEniry. Byers & Co. brought an action in equity, setting forth the indebtedness of McFee to them, and alleging that the deed

to McEniry was in fact a mortgage executed to him in trust for the security of themselves and other creditors, and asking a foreclosure thereof, and for a ratable distribution of the proceeds derived from a sale thereunder. After Turner had become the owner of the certificate of sale issued to Wolfers, McFee and wife quitclaimed their interest in the land to A. M. Byers, who thereafter redeemed from said sale, and Turner accepted the redemption money, and surrendered his certificate. Byers then interpleaded in the equity case, claiming that Turner should have redeemed as a creditor and lienholder after his attachments and judgments, and that by reason of his failure to do so he had lost his liens on the land. The petition of Byers & Co. in the equity case was dismissed by the trial court, and it was adjudged that Byers' redemption from the Wolfers sale as the owner of the land extinguished that debt, and that Turner's judgments against McFee were liens upon the land. A. M. Byers & Co. and A. M. Byers, interpleader, appeal.—*Affirmed.*

*Temple, Hardinger & Temple* for appellants.

*Davis & Wells* for appellee, Turner.

SHERWIN, J.—In their petition the appellants Byers & Co. allege that the land in question was conveyed to McEniry in trust for themselves and other creditors, under an oral agreement between the grantor and grantee that it should be sold, and the proceeds derived therefrom apportioned among those designated in such agreement. The claim thus presented is distinctly and unequivocally based upon an express agreement, and for this reason the argument that the conveyance operated as a resulting trust in favor of the appellants Byers & Co. is without merit, because of the well-established rule that a resulting trust cannot be founded on an express agreement. *Acker v. Priest*, 92 Iowa, 610; *Dunn v. Zwilling*, 94 Iowa,

233. The conveyance from McFee to McEniry was a straight warranty deed passing the absolute title to him, and whatever benefit the plaintiffs might hope to derive from the sale of the land by him must, of necessity, rest entirely on the express oral agreement pleaded. If this agreement had been properly executed, no one would assert that it did not create an express trust for the benefit of the creditors therein named, and the fact that it was not so executed does not deprive it of its character as such a trust. *McGinness v. Barton*, 71 Iowa, 644. That an express trust cannot be established by parol testimony is conceded by the appellants, and well settled by authority. See *McGinness v. Barton* and *Acker v. Priest, supra*; Code, section 2918. Whatever rights, by way of security, McEniry may have acquired under his deed, cannot be extended to other creditors by holding that the conveyance was a mortgage, which inured to them, without overturning these well-settled legal principles. That McEniry nowhere in his pleadings admits that the plaintiffs were to be the beneficiaries of his trust is sufficient answer to the contention that he has acknowledged the trust in writing.

II. After the conveyance to McEniry, Turner sued and attached under section 3989 of the Code, and brought an action in equity to subject the land to the payment of his claims. McEniry then held the absolute legal title to the land, and it is conceded that under the law in force before the enactment of section 3899 of the Code, Turner could acquire no lien on the land by attachment or judgment until it was established by a decree in equity; and such was the law. *Howland v. Knox*, 59 Iowa, 46; *Joyce v. Perry*, 111 Iowa, 567, And under the law as it then stood redemption could not be made where no lien existed. *Stadler v. Allen*, 44 Iowa, 198. Turner had, then, no right to redeem from the sale to Wolfers, unless such right was given him by section 3899

of the Code; for in the absence of statute an attachment can only operate to hold the property levied on for the future action of the court, and in no proper sense can it be said to create a lien thereon. The levy may furnish security for the debt, but it is not available until further action is taken. Am. & Eng. Enc. Law, 218, 219. In *Farmers' Bank v. Fletcher*, 44 Iowa, 252, it was held that the levy of an attachment on an equitable interest in land which does not appear of record does not impart constructive notice to a vendee or mortgagee of the person holding the legal title. The section of the Code under consideration is as follows: "Real estate or equitable interests therein may be attached, and the levy shall be a lien thereon, from the time of an entry made and signed by the officer making the same upon the incumbrance book in the office of the clerk in the county in which the land is situated, showing the levy, the date thereof, name of the county from which the attachment issued, title of the action and a description of the land levied upon. In case of a levy upon any equitable interest in real estate, such entry shall show, in addition to the foregoing matters, the name of the person holding the legal title, and the owner of the alleged equitable interest, when known. The grantor of real estate conveyed in fraud of creditors shall, as to such creditors, be deemed the equitable owner thereof, and such interest may be attached as above provided, when the petition alleges such fraudulent conveyance, and the holder of the legal title is made a party to the action." It is materially different from any prior enactment, and much broader in its scope and effect; but, notwithstanding this enlargement of power, it is apparent to us that it was intended to act simply as a *lis pendens* for the benefit of those who would otherwise be without protection during litigation over the title to lands. It certainly could not have been the intention of the legislature to declare the levy of an attachment an enforceable lien on any and all

property which a party might see fit to attach. The provisions relating to the levy upon any equitable interest in land and touching fraudulent conveyances are so clearly for the purpose of giving constructive notice which shall protect the creditor from subsequent conveyances as to be hardly open to discussion, and we are constrained to hold that the purpose of the statute was to protect litigants until their claims could be adjudicated, and for no other purpose. If Turner had no enforceable lien under this statute, and could acquire none until it was established by the decree of the court, he could not redeem from the sale in question, and can be deprived of no rights because of his failure to do so. After Byers took the quitclaim deed from McFee, he stood in his shoes, so far as the redemption was concerned, and unquestionably redeemed as owner of the land. By so doing he removed that indebtedness against the land, but did not affect the judgments of Turner, which had ripened into perfect liens. When the redemption money was deposited with the clerk as required by statute, the then holder of the certificate had the right thereto, regardless of any contract made by others to which he was not a party; and Byers is in no position to now claim that it was a conditional redemption, and that he should be returned the money he paid. Had the title to the land been in McFee at the time Turner's judgments were obtained, an entirely different question would be presented.

The judgment of the district court is AFFIRMED.