R. A. HOWE, Appellant, v. GEORGE W. BRIDEN et al., Appellees.

**EXECUTION: Property Subject to Execution—Right of Redemption.**
The holder of a general deficiency judgment resulting from a foreclosure sale may not have a receiver appointed to take possession of the premises so sold and to apply the rents and profits thereof, during the redemption period, to the satisfaction of his deficiency judgment.

Headnote 1: 27 Cyc. pp. 1250, 1731.

*Appeal from Black Hawk District Court.*—E. B. STILES, Judge.

JANUARY 19, 1926.

PROCEEDING in equity in aid of execution, under the provisions of Sections 11815 to 11817, Code of 1924. The defend-

ants filed a motion to dismiss, which was the equivalent of a demurrer, and such motion was sustained. The plaintiff has appealed.—*Affirmed.*

*Edwards, Longley, Ransier & Harris,* for appellant.

*Mears & Lovejoy,* for appellees.

EVANS, J.—The plaintiff obtained a decree of foreclosure of a mortgage upon a certain farm, against the defendants George W. Briden and wife, as mortgagors. The amount of the mortgage was approximately $21,000. The farm was sold under special execution on February 14, 1925, for $16,000. This left a deficiency judgment, including interest, for approximately $6,000. The plaintiff brought this suit for the purpose of subjecting to the payment of his deficiency judgment the right of possession during the year of redemption. He prayed that he have a lien upon such right of possession and upon the usufruct thereof, including all crops growing and grown on the land during such period of redemption and all rentals realized therefrom, and that a receiver be appointed, to take possession of such farm during such period and to oust the judgment defendant therefrom and to apply the proceeds of such use and possession to the payment of the plaintiff's judgment. The suit was begun on July 17, 1925. The trial judge, in ruling on the motion, stated the question presented by the pleadings as follows:

"Is plaintiff entitled to the appointment of a receiver to take possession and control of the premises sold under plaintiff's judgment and to apply the rents, profits, and products of the same during the period of redemption upon his deficiency judgment?"

In their brief in this court, counsel for the appellant accept the question thus stated by the trial judge as a sufficient presentation of the question in controversy. We have had occasion quite recently to consider this question in a slightly different form in the case of *Sayre v. Vander Voort,* 200 Iowa 990. Our holding in that case is decisive of the question presented in this, and is adverse to the appellant. We there held that the

only right of the judgment plaintiff to appropriate possession of land under general execution was the right to sell the land, subject to prior claims, and that such sale would necessarily be subject to the judgment defendant's right of redemption and possession for one year. In other words, the right of possession during the year of redemption is not available to a judgment creditor under general execution in any other manner than is the land itself. The question is fully discussed in the cited case, and we will not repeat the discussion here.

The judgment of the district court must be affirmed.— *Affirmed.*

DE GRAFF, C. J., and STEVENS, FAVILLE, VERMILION, ALBERT, and MORLING, JJ., concur.