ANNA M. PIERCE, Appellant, v. BYRON A. WHITE et al.,
Appellees.

EXECUTION: Sale—Redemption—Fatal Delay. The act of a junior creditor in attempting to redeem after the expiration of nine months from the sale of land on execution is a nullity, especially when his lien (if it be assumed to be such) was acquired *after* the expiration of said nine months.

Headnote 1: 23 C. J. p. 717 (Anno.)

*Appeal from Mills District Court.*—W. C. RATCLIFF, Judge.

DECEMBER 13, 1927.

Application to enforce right to make creditor's redemption

from execution sale. The application was denied, and the applicant appeals.—*Affirmed.*

*W. E. Mitchell* and *W. S. Lewis,* for appellant.

*Genung & Genung,* for appellees.

MORLING, J.—After the expiration of nine months from the date of sale of real property under execution, the property was again levied upon, under an attachment issued in another action against the execution defendant. The attachment plaintiff thereupon filed affidavit and statement for creditor's redemption, paid to the clerk the requisite amount, and now claims thereby to have the rights of redeeming creditor. The holder of the sheriff's certificate of sale makes resistance. The contention of the attachment creditor is that, from the moment her attachment was levied, she became entitled to all of the rights of the attachment defendant in the land levied upon, and that the only right of the holder of the sheriff's certificate of sale was to repayment of the amount called for by the certificate.

The right of redemption from execution sale is purely statutory. It may be exercised only by those to whom the statute gives it, and in the manner which the statute prescribes. *Central State Bank v. Lord,* 204 Iowa 439; *Hurn v. Hill,* 70 Iowa 38; *Newell v. Pennick,* 62 Iowa 123. The debtor may redeem at any time within one year, and for the first six months his right of redemption is exclusive. Section 11774, Code of 1924. After six months, and within nine months, redemption may be made "by any creditor whose claim becomes a lien prior to the expiration of the time allowed for such redemption." Section 11776, Code of 1924.

"11787. Unless the defendant redeems, the purchaser, or the creditor who has last redeemed prior to the expiration of the nine months aforesaid, will hold the property absolutely."

"11793. A creditor redeeming as above contemplated is entitled to receive an assignment of the certificate issued by the sheriff to the original purchaser as hereinbefore directed."

"11796. The rights of a debtor in relation to redemption are transferable, and the assignee has the like power to redeem."

A creditor is entitled to bid at execution sale, and if he has a lien, and there is an overplus, he may, under prescribed condi-

tions, be entitled thereto. Code of 1924, Section 11730. During the six months in which the debtor has the exclusive right to make redemption, the creditor has time for consideration and preparation. If he has acquired a lien, or if during the three months after the expiration of the first six months he acquires a lien, he may, after the expiration of the six and before the expiration of the nine months, redeem. The law provides to the creditor, therefore, reasonably adequate means of self-protection. If he rejects the means so provided, he has no just cause for complaint that the law thereupon finally ends his claim as against the remaining parties interested: namely, the purchaser at execution sale (or the holder of the certificate) and the execution debtor. Nor does it matter that the execution creditor is the purchaser at the execution sale. Whoever the purchaser may be, he has made his offer, fulfilled it, received his certificate, and acquired thereby statutory rights. It would not be in the interest of either unfortunate debtors or their creditors to make the rights of the purchaser uncertain, or subject to the vacillating estimations, "the hopes and fears," of other creditors.

It is the policy of the law to give to the debtor, whether or not the creditors see fit to take advantage of their rights, the last chance to turn the property, and to make what he can out of it by disposing of his right of redemption or himself making redemption. Under the law, the debtor is entitled to know at the end of nine months how much will be required of him or of one to whom he may be enabled to make sale, in order to redeem. He is entitled to three months, with such information, to determine his course, whether to sell or redeem, or to forfeit the property. The law does not approve of any scheme to circumvent the execution debtor in the exercise of his final rights and in making the most he can from his expiring interests. *Sayre v. Vander Voort*, 200 Iowa 990; *Howe v. Briden*, 201 Iowa 179; *Central Life Assur. Soc. v. Spangler*, 204 Iowa 995, and cases there cited; *Central State Bank v. Lord*, 204 Iowa 439.

The debt to the attachment creditor did not, before the expiration of the nine months, become a lien. He did not, prior to such expiration of nine months, redeem. He was, therefore, not within the class to whom the law gives the right of redemption, nor did he, within the time allowed to creditors,

take the necessary proceedings to entitle him to redeem. His subsequent effort to redeem had no warrant in law, and was wholly without legal efficacy. The rights of the execution defendant and of the purchaser or holder of the sheriff's certificate thereby became fixed. *Newell v. Pennick*, 62 Iowa 123; *Hurn v. Hill*, 70 Iowa 38. Appellee argues that an attachment creditor, merely as such, has not a lien entitling him to redeem,— relying on *Byers & Co. v. McEniry*, 117 Iowa 499. We need not consider this question, but see *First Nat. Bank v. Kindwall*, 201 Iowa 82.—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.