E. J. MURRAY, Appellee, v. JOHN KELROY, operating under
Trade Name of KELROY FUEL & FURNACE CO.,
et al., Appellants.

No. 43890.

SEPTEMBER 21, 1937.

Senneff, Bliss & Senneff, for appellants.

F. A. Ontjes and M. C. Coughlon, for appellee.

STIGER, J.—In October, 1931, Nick Belberoff was the owner of lot 1, block 11, College addition to Mason City, Iowa. In planning to construct a duplex dwelling and garage he discovered the lot was too small and entered into a written contract with R. L. Jackson for the purchase of adjacent lot 2 in said block. The garage was erected on lot 2 and the dwelling was built on both lots.

Defendant John Kelroy installed a furnace in the dwelling and filed a mechanic's lien on the lots. The Mason City Lumber Company filed a mechanic's lien for materials furnished in the sum of $2,029.19 and later filed another mechanic's lien for materials furnished in the sum of $904.78 under a second contract with Belberoff.

On August 22, 1932, Kelroy purchased the two mechanics' liens from the Mason City Lumber Company.

On August 26, 1932, Kelroy commenced an action to foreclose the mechanics' liens purchased from the Mason City Lumber Company filed December 30, 1931, in the sum of $2,029.19 which was the first and prior mechanic's lien on the premises. In this suit Kelroy made no mention of his two junior mechanics' liens and reserved no rights therein. A decree of foreclosure was entered October 19, 1932, and on January 14, 1933, Kelroy purchased the lots at sheriff sale under special execution for the amount of the judgment in the sum of $2,184.72 and received a sheriff's certificate of sale.

After Kelroy commenced his action to foreclose his first mechanic's lien on August 26, 1932, he purchased lot 2 from Jackson who, at the same time, assigned to Kelroy the contract to sell this lot to Belberoff.

Kelroy, after receiving a certificate of sale to the property on January 14, 1933, caused notice of intention to forfeit the contract on Belberoff for failure to pay monthly installments and taxes. He did not file for record a copy of the notice with proof of service under Code section 12393.

On December 28, 1933, after the expiration of the nine

months period in which junior lienholders may redeem but prior to the expiration of the year of redemption on January 14, 1934, Kelroy brought actions to foreclose the junior mechanic's lien purchased from the Mason City Lumber Company in the sum of $904.79 and his junior mechanic's lien for installation of the furnace. The filing of the petitions was noted in the *lis pendens* index on December 28, 1933. On January 12, 1934, decrees of foreclosure were entered in both cases establishing mechanics' liens against both lots. No appeal was taken from the judgments.

On January 12, 1934, Belberoff gave a quitclaim deed to both lots including his right of redemption to the plaintiff E. J. Murray in consideration of the sum of $2,500 which was paid.

No redemption having been made by Kelroy as a junior lienholder within the period of redemption reserved for junior creditors, plaintiff, as owner, filed his affidavit for redemption and made redemption on January 13, 1934, by paying the full amount due on the certificate of sale held by Kelroy including taxes paid by him for which he filed an affidavit under chapter 501, 1935 Code, which amount was accepted by Kelroy. Plaintiff received a sheriff's deed to both lots January 22, 1934.

Plaintiff brought this suit to quiet title to the lots against the mechanics' liens held by Kelroy and other junior lienholders basing his right to a decree on the sheriff's deed received by him after making redemption in the action by Kelroy to foreclose the first and prior mechanic's lien. The trial court found for the plaintiff and a decree was entered quieting title to both lots in the plaintiff. Defendants appealed. This appeal involves only the two junior mechanics' liens held by Kelroy.

Appellants offered three defenses to the action.

They first contend that the improvements were made by Belberoff as vendee under the contract with Jackson and that Jackson's interest in the real estate as vendor was not subject to the mechanics' liens; that Kelroy through his deed from Jackson to lot 2 acquired title to this lot free from the mechanics' liens.

■■■ Appellee claims that Jackson, as vendor was an owner and that his interest was subject to the mechanics' liens because he consented to the improvements.

Code section 10271 provides that every person who shall furnish materials or labor by virtue of a contract with the owner shall have a mechanic's lien.

Code section 10270, subsection 1, reads as follows:

" 'Owner' shall include every person for whose use or benefit any building, erection, or other improvement is made, having the capacity to contract, including guardians."

The term "owner" includes a vendor who authorizes or consents to improvements made by his vendee or contemplates that the vendee shall make improvements. If improvements on real estate are made by a vendee with the express or implied authority of the holder of the legal title, the interest of the vendor is bound for the payment of liens for labor and materials furnished for such improvements.

Kimball Brothers Co. v. Fehleisen, 184 Iowa 1109, 169 N. W. 445; Veale Lumber Co. v. Brown, 197 Iowa 240, 195 N. W. 248; Schoeneman Lumber Co. v. Davis, 200 Iowa 873, 205 N. W. 502.

The contract for the sale of lot 2 by Jackson to Belberoff provides that Belberoff would pay the purchase price in monthly installments of fifteen dollars and have the privilege of building on the lot from the date of the contract.

Belberoff testified that he explained to Jackson that he wanted to buy lot 2 because lot 1 was too small to contain the buildings he desired to erect and that it would be necessary to pay the cost of erecting the dwelling house and garage before he could make payments on the purchase price and that Jackson agreed that he could do so. Belberoff's testimony relative to the consent given by Jackson to the making of the improvements is as follows:

"At the time of making this contract I had a talk with Belle Parker Jackson and R. L. Jackson about building in part on that lot 2. I got the first lot and it was very small for my building; that is the reason I bought this lot from Jacksons and I asked him can I put the building in? Of course, the lot was bought on payment not with cash money. He says, all right, go ahead and build it and makes no difference from me. He says you are going to pay every month fifteen dollars that is the contract. He let me do that and I asked him to not have any trouble because I can't pay you before I build the house and make a loan. When I finish the house I would make a loan and pay you all in full then. He says go ahead, I don't want to bother you until you get done.

"He said in substance that I could go ahead and put them buildings on and pay the lumber bill to the Mason City Lumber Company and the labor bills first before I had to pay him. After that I went ahead with the Mason City Lumber Company and material men and built the house and garage."

Belberoff's testimony was corroborated in part by the agent who sold the lot and is undenied.

The vendor, Jackson, contemplated that the improvements would be made by Belberoff, authorized and consented to them, so when Kelroy received the deed to lot 2 from Jackson it was subject to the liens for the improvements.

■■■ Appellant also claims as to lot 2 that he forfeited the contract between Jackson and Belberoff and that Murray, appellee, therefore received no title to lot 2 under the deed from Belberoff.

As above stated Kelroy did not file for record a copy of the notice of forfeiture with proofs of service attached as provided for by Code section 12393 and Murray was not charged with constructive notice of the forfeiture. The trial court found that he had neither actual nor constructive knowledge that Kelroy claimed to have forfeited the contract. While there was some conflict in the evidence, we concur in the conclusion reached by the trial court on this issue. It follows that Murray under his deed from Belberoff dated January 12, 1934, to lots 1 and 2 was entitled to redeem as Belberoff's grantee under Code section 11796 which provides that the rights of a debtor in relation to redemption are transferable, and the assignee has the like power to redeem.

■■■ Another ground relied on by appellant for reversal is that when Murray, appellee, received the quitclaim deed from Belberoff conveying to him all of Belberoff's interest in the lots including his right of redemption, the lots were subject to the decree and judgments obtained in the foreclosure by Kelroy of his two junior mechanics' liens after the nine months period for redemption reserved to junior lienholders had expired.

Appellee contends that the failure of Kelroy, a junior creditor, to redeem within the nine months period resulted in the loss of the liens. We concur in the position of the appellee.

Code section 11777 provides that a mechanic's lien before judgment thereon is not of such character as to entitle the holder to redeem.

Code section 11776 reads as follows:

"Redemption by creditors. If no redemption is made by the debtor as above provided, thereafter, and at any time within nine months from the day of sale, said redemption may be made by a mortgagee before or after the debt secured by the mortgage falls due, or by any creditor whose claim becomes a lien prior to the expiration of the time allowed for such redemption."

Kelroy was the plaintiff and thus a party to the suit in the action foreclosing the first, prior mechanic's lien. He did not attempt to preserve his junior liens in that suit and have the court retain jurisdiction for the. purpose of their foreclosure. He did not, as a junior creditor, redeem within the period reserved by the statute for redemption by such creditors, nor did he reduce his junior mechanics' liens to judgment so that he would be entitled to redeem under Code section 11777. Kelroy having failed to preserve his junior liens, and, having failed to reduce his liens to judgment and redeem within the statutory ·period, his liens were extinguished. Murray made redemption as grantee of the debtor Belberoff from the sale under the foreclosure of the first lien, relying on the redemption statutes and took the property divested of all liens held by the junior lienholder, Kelroy. Moody v. Funk, 82 Iowa 1, 47 N. W. 1008, 31 Am. St. Rep. 455; Wells v. Ordway, 108 Iowa 86, 78 N. W. 806, 75 Am. St. Rep. 209; Witham v. Blood, 124 Iowa 695, 701, 100 N. W. 558, 560; Stiles v. Bailey, 205 Iowa 1385, 219 N. W. 537; Paulsen v. Jensen, 209 Iowa 453, 228 N. W. 357; Lincoln v. Williams, 216 Iowa 659, 246 N. W. 841; Cadd v. Snell, 219 Iowa 728, 259 N. W. 590.

Appellants further contend that, conceding that the junior liens were extinguished by the failure of Kelroy to redeem within the reserved period, the liens were revived and reestablished by the judgments, obtained by Kelroy in the actions foreclosing the two junior liens after the expiration of the reserved period but prior to the expiration of the year of redemption; that, as the petitions were filed in the *lis pendens* index prior to the time Belberoff conveyed the lots to Murray, Murray had constructive notice of the decrees and judgments and took the deed with the lots encumbered by these judgments.

To accurately state the position of appellants we quote from their brief and argument:

"The appellants contend that in any such case (where the junior liens are extinguished by failure to redeem) if the judgment debtor, after the expiration of the nine months period, and at a time when he and the holder of the sheriff's certificate of sale are the only persons having any right or interest in the property, renews, revises, or re-establishes, in any way, any such lien held by the certificate holder, any third person, with knowledge of such lien, who thereafter acquires such interest as the judgment debtor has in the property, takes it subject to such lien. This is the appellants' whole contention on this phase of the case."

The decrees and judgments entered in the foreclosure actions established mechanics' liens on lots 1 and 2 for Kelroy, the plaintiff therein. Subsequently, and on July 2, 1934, the lots were sold under special executions and bid in by Kelroy.

The question raised is, were the liens which were once extinguished by Kelroy's failure to place his junior mechanics' liens in judgment and redeem within the nine-month period revived by these judgments?

In the case of Pierce v. White, 204 Iowa 1116, 216 N. W. 764, the court had occasion to consider the redemption rights of a junior creditor who acquired his lien after the expiration of nine months after the sale of land on execution. The case states, 204 Iowa 1116, l. c. 1118, 216 N. W. 764:

"It is the policy of the law to give to the debtor, whether or not the creditors see fit to take advantage of their rights, the last chance to turn the property, and to make what he can out of it by disposing of his right of redemption or himself making redemption. Under the law, the debtor is entitled to know at the end of nine months how much will be required of him or of one to whom he may be enabled to make sále, in order to redeem. He is entitled to three months, with such information, to determine his course, whether to sell or redeem, or to forfeit the property. The law does not approve of any scheme to circumvent the execution debtor in the exercise of his final rights and in making the most he can from his expiring interests."

In the case of Paulsen v. Jensen, 209 Iowa 453, loc. cit. 457, 228 N. W. 357, 359, the court states:

"If the prior lien be a decree of foreclosure, and a sale be

had thereunder, the statutory right of redemption applies to every lienholder who shall obtain his judgment *subsequent* to the date of the decree, regardless of the fact that such lienholder was not a party defendant to the foreclosure. In short, the redemption statute applies alike in all cases where the alleged junior judgment is subsequent in date to the judgment under which execution sale is had.''

Belberoff's right of redemption and right of possession were not subject to levy or to judgment liens. Union Central Life Insurance Co. v. Eggers, 212 Iowa 1355, 237 N. W. 240; Starits v. Avery, 204 Iowa 401, 213 N. W. 769; Sayre v. Vander Voort, 200 Iowa 990, 205 N. W. 760, 42 A. L. R. 880.

The legal effect of these judgments is the same as if they were obtained prior to the nine months period and no redemption made. Kelroy could not avoid his failure to redeem by subsequently obtaining his judgments.

Moreover, the junior judgments obtained by Kelroy were liens only on the interest of Belberoff in the lots. The title of Belberoff, the debtor, at least as to judgment creditors, was not perfect. If he redeemed from the execution sale the liens would re-attach to the property. He did not redeem but divested himself of all interest in the lots by the conveyance to Murray and whatever rights Kelroy may have obtained in the lots under his junior judgments ceased. Paulsen v. Jensen, Stiles v. Bailey, Witham v. Blood, supra.

Kelroy by failing to redeem conceded that ''the debt-paying power of the debtor's property in the land has been exhausted.'' Witham v. Blood, supra.

During the last three months of the year of redemption, Belberoff had the right under the redemption statutes to determine whether he would redeem or salvage what he could by a sale of his right of redemption unincumbered by the junior judgments. Under the rule sought to be established by the appellants the purchase of the right of redemption during the last three months would be extremely hazardous, and an adoption of the reasoning of appellants would destroy the purpose of the redemption statutes and especially Code section 11796 which makes the interest of the judgment debtor transferable ''to enable the judgment debtor to take what salvage he can from the wreckage.'' Paulsen v. Jensen, supra.

The appellants do not cite authority or any principle of law to sustain their contention that the judgments revived the lost liens.

The subsequent judgments obtained by Kelroy against Belberoff as owner of the lots in the actions to foreclose his junior liens during the last three months of the redemption period did not burden the interest of the judgment debtor, Belberoff, in the lots, which interest was the right to redeem and the right of possession, nor affect his exclusive redemption rights during the last three months of the redemption period under the prior sale on execution. The plaintiff as transferee of the debtor's rights had "the like power to redeem." Code section 11796.

We hold the position of the appellants to be untenable and concur in the conclusion reached by the trial court that the plaintiff, appellee, under his sheriff's deed took title to the lots unincumbered by the mechanic's lien held by Kelroy.

The decree and judgment of the trial court quieting title to the lots in the plaintiff is affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, SAGER, PARSONS, KINTZINGER, and DONEGAN, JJ., concur.